**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-172 |
| KEITH KISACK | SECTION "N" |

## ORDER AND REASONS

Before the Court is Petitioner Keith C. Kisack's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 and Motions to Grant an Evidentiary Hearing and Appoint Counsel (Rec. Doc. No. 115). As stated herein, **IT IS ORDERED** that these motions are **DENIED**.

Since the filing of his original §2255 motion, Petition has submitted various other documents to the Court seeking relief with regard to his sentence. *See* Rec. Doc. Nos. 129-30, 144, and 145. The Government also has filed a motion (Rec. Doc. No. 132) asking that record document numbers 129 and 130 be dismissed as untimely. As stated herein, **IT IS ORDERED** that the request for relief reflected in record document numbers 129 and 130 is **DENIED**. Accordingly, the

1

Government's motion to dismiss (Rec. Doc. No. 132) is **MOOT**.[1]

## BACKGROUND

On November 1, 2000, Petitioner pled guilty, pursuant to a written plea agreement, to one count of knowing possession of a firearm by a convicted felon, in violation of Title 18, United States Code, § 922(g)(1), §924(a)(2), and §2.  As part of his written plea agreement, Petitioner waived his right to appeal his sentence on any ground, and further agreed that he would not contest his sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. §2255.[2] Notwithstanding these waivers, Petitioner did reserve the right to appeal (1) any punishment imposed in excess of the statutory maximum, (2) any punishment to the extent it constituted an upward departure from the guideline range deemed most applicable by the sentencing court; and (3) the district court's denial of his motion to suppress.

At sentencing, the Court found that Petitioner's base offense level to be 21, and his criminal history category to be VI, which resulted in a sentencing range of 77 to 96 months.[3] The

---

[1] The Court issued an order on June 16, 2005, requesting a response from the Government to document numbers 144 and 145. *See* Rec. Doc. No. 146. At the Government's request, the deadline for its response has been extended to July 21, 2005. Petitioner's additional request for relief set forth in those related documents shall be addressed in a separate order.

[2] *See* November 1, 2000 Plea Agreement at 2, Rec. Doc. No. 64 and Exhibit C to Government's Opposition Memorandum (Rec. Doc. No. 118). The plea agreement is in the form of a *Bryan* letter. *See Bryan v. United States*, 492 F.2d 775 (5th Cir.), *cert. denied*, 419 U.S. 1079, 95 S. Ct. 668 (1974).

[3] Judge Edith Brown Clement presided over this matter at the time that Petitioner entered his guilty plea and was sentenced. The action was re-assigned to the undersigned when

2

Court sentenced Petitioner to a prison term of 96 months and a supervised release term of three years.  Petitioner now seeks relief from that sentence.

## **LAW AND ANALYSIS**

**I.    Motion to Vacate, Set Aside, or Correct Sentence (Amended); Motion for Evidentiary Hearing; and Motion for Appointment of Counsel (Rec. Doc. No. 115)**

Petitioner's first motion alleges that his guilty plea was not knowingly, intelligently, and voluntarily entered because he was denied effective assistance of counsel by his trial attorney. He also alleges that he was denied effective assistance of counsel on direct appeal.  Specifically, Petitioner asserts the following errors by his attorneys:

Trial Counsel Joseph P. Raspanti:

[1]   Trial counsel intentionally failed to object to the district judge's intentional failure to personally advise Petitioner on the record of the mandatory minimum sentence that he could receive on his firearm possession charge, and his right to assistance of counsel at trial on that charge, as required by Rule 11(c)(1) and (3) of the Federal Rules of Criminal Procedure;

[2]   Trial counsel intentionally failed to file a motion to withdraw Petitioner's guilty plea based on the grounds listed in paragraph [1];

[3]   Trial counsel coerced Petitioner into pleading guilty by intentionally telling him that if he had a jury trial the jury would definitely find him guilty; by telling him that the Government's attorney had stated that additional charges would be filed against him if he did not plead guilty; and by erroneously telling him that he could be convicted on felon in possession charges for each of the four guns found in the vehicle and face a consecutive 120-months sentence on each count.  Petitioner asserts that, but for these representations, he would have gone to trial.

---

Judge Clement was appointed to the United States Court of Appeals for the Fifth Circuit.

<u>Appellate Counsel Christopher Alberle</u>

[1]   Appellate counsel intentionally failed to assert that Petitioner's guilty plea was not knowing, intelligent, and voluntary because of the district judge's intentional failure to personally advise Petitioner on the record of the mandatory minimum sentence that he could receive on his gun charge, and his right to the assistance of counsel at trial on the gun charge, as required by Rule 11(c)(1) and (3) of the Federal Rules of Criminal Procedure.

[2]   Appellate counsel intentionally failed to assert that Petitioner's guilty plea was not knowing, intelligent, and voluntary because he was denied effective assistance of counsel in that (a) trial counsel intentionally failed to object to the district judge's intentional failure to personally advise Petitioner on the record of the mandatory minimum sentence that he could receive on his gun charge, and his right to the assistance of counsel at trial on the gun charge, as required by Rule 11(c)(1) and (3) of the Federal Rules of Criminal Procedure; and (b) trial counsel intentionally failed to file a motion to withdraw Petitioner's guilty plea based on the grounds listed in (a).

[3]   Appellate counsel failed to argue that Petitioner's guilty plea was not knowing, intelligent, and voluntary because the evidence introduced at the time of that plea was insufficient to establish the necessary factual basis. Petitioner particularly asserts that the government's attorney failed to personally state on the record that the gun had traveled through interstate commerce, and that the government's attorney failed to personally state on the record that the evidence would demonstrate possession, as more than "mere presence" in, or control over, a vehicle is required to establish possession of firearm hidden in a vehicle.

**A.    <u>Waiver of Appeal and Post-Conviction Relief</u>**

Citing the written plea agreement signed by Petitioner on November 1, 2000, the Government contends that Petitioner has waived any right to seek post-conviction relief, including a motion filed pursuant to 28 U.S.C. §2255.  It is true that "[a] voluntary guilty plea waives all jurisdictional defects in the proceedings against the defendant." *United States v. Glinsey*, 209 F.3d

4

386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919, 121 S. Ct. 282 (2000). Further, the right to appeal and/or to seek post-conviction relief may also be waived as part of a plea agreement, if the waiver is informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Randles v. United States*, 2002 WL 31164735, *3 (N.D. Tex.) (same).

       Notwithstanding the waiver language found in Petitioner's plea agreement, he may seek post-conviction relief if he demonstrates that ineffective assistance of counsel rendered his guilty plea involuntary. *See, e.g., Glinsey*, 209 F.3d at 392 (claims of ineffectiveness assistance of counsel allegedly rendering a guilty plea involuntary are excepted from waiver of nonjurisdictional defects otherwise resulting from that plea); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995) (summary calendar) (dismissal of appeal on basis of plea agreement waiver is inappropriate where agreement, and specifically waiver of appeal, were tainted by ineffective assistance of counsel); *Wilkes*, 20 F.3d at 653 (waiver of post-conviction relief "may not always apply to a collateral attack based on ineffective assistance of counsel); *Randles,* 2002 WL 31164735 at *3, n.1 (because Randles pleaded guilty, he may only challenge the voluntary character of his guilty plea in raising an ineffective assistance of counsel claim).[4] The premise of each of Petitioner's claims is ineffective assistance of counsel bearing upon the validity of his guilty plea. Accordingly, the Court, in an abundance of caution, addresses each of them.

---

    [4]    *See also United States v. Walker*, 68 F.3d 931, 934 (5th Cir.), *cert. denied*, 516 U.S. 1165, 116 S. Ct. 1056, 134 L. Ed.2d 201 (1996) ("Ineffective assistance of counsel, if shown, is sufficient to establish the cause and prejudice necessary to overcome a procedural default.").

**B.     Voluntariness of Petitioner's Plea**

In evaluating the validity of a guilty plea, the Court asks "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 27 L. Ed.2d 162 (1970)). When a guilty plea is challenged based on counsel's allegedly defective performance, the Court's inquiry consists of two parts. First, the convicted defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 57, 106 S. Ct. at 369 (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Second, regarding the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. at 370.

   1.   *District Court's Failure to Personally Advise Petitioner Regarding a Minimum Mandatory Sentence and/or his Right to Counsel at Trial*

The Court finds that Petitioner's complaints regarding his attorneys' conduct with respect to the district court's failure to address, on the record, any minimum mandatory sentence and/or the right to assistance of counsel at trial are without merit. Rule 11 of the Federal Rules of Criminal Procedure instructs that the Court is to address the defendant in open court, and inform him of, and determine that he understands, "the maximum possible penalty" and "any mandatory minimum penalty." *See* Fed. R. Crim. P.11(b)(1)(I). Here, Petitioner pled guilty to violating Title 18, United States Code, Section 922(g)(1). The statutory penalties for this crime are set forth in

6

Title 18, United States Code, Section 924(a)(2), and provide for a maximum fine of $250,000, imprisonment for not more than 10 years, or both. Supervised release may be imposed for up to three years.[5] Section 924(a)(2), however, as the Government contends, does not establish a mandatory minimum term of imprisonment. Nor is Court persuaded that any rule of federal law requires it to advise a defendant who is entering a guilty plea that no mandatory minimum sentence exists.[6]

Regarding his right to counsel, Petitioner is correct that Rule 11 does require the Court to inform a defendant of, and determine that he understands, his entitlement to counsel, and, if necessary, appointed counsel, at trial and every other stage of the proceeding. *See* Fed. R. Cr. P. 11(b). It also is correct that the transcript from Petitioner's rearraignment proceeding does not reflect a discussion on the record between the Court and Petitioner specifically regarding his right to counsel at trial. If substantial rights are not affected, variances from the requirements of Rule 11, however, are subject to review under a harmless error or plain error standard. *See* Fed. R. Cr. P. 11(h); *United States v. Vonn*, 535 U.S. 55, 58-59, 74, 122 S. Ct. 1043, 1046, 1054 (2002).

In *Vonn*, the Supreme Court further instructed that courts are not limited to the record of the plea proceedings in determining the effect of a Rule 11 violation. Rather, "[b]ecause there

---

[5] *See* 18 U.S.C. §§ 3559, 3583.

[6] The record reflects that the Court properly advised Petitioner that his maximum possible sentence would be "10 years imprisonment, a fine of $250,000 and up to three years of supervised release." *See* Transcript of November 1, 2000 Rearraignment at 15, Rec. Doc. No. 97, and Exhibit B to Government's Opposition Memorandum.

are circumstances in which defendants may be presumed to recall information provided to them prior to the plea proceeding," other parts of the record can be considered. 535 U.S. at 59, 74-75, 122 S. Ct. at 1046, 1054-1055.

Review of the record in this matter reflects numerous references to Petitioner's right to counsel throughout the proceeding. For instance, the transcript of Petitioner's June 13, 2000 initial appearance reveals that the United States Magistrate Judge informed him that he was "entitled to have the attorney of [his] choice" and to have one appointed, if he could not afford one.[7] The Magistrate Judge appointed counsel for Petitioner at that hearing, moreover, and scheduled Petitioner's pre-trial detention hearing at a time that would allow him to consult with his lawyer prior to the hearing.[8] The transcript from Petitioner's rearraignment additionally reflects that the Court questioned Petitioner then with regard to his satisfaction with his attorney, and whether he had had sufficient opportunity to obtain his attorney's advice.[9] It also shows that the Court explained that appointed counsel would continue to represent Petitioner throughout his presentence investigation and sentencing.[10]

In any event, Petitioner, who previously had been convicted of prior felony offenses,

---

[7] *See* Transcript of June 13, 2000 Initial Appearance Hearing at 2-3, Rec. Doc. Nos. 119-120.

[8] *Id.* at 6-8.

[9] *See* Rearraignment Transcript at 9.

[10] *Id.* at 24-25.

does not allege that he was not aware, at the time he entered his guilty plea, of his right to have counsel at trial. Indeed, Petitioner's motion suggests that an alleged exchange between the Court and the Government's attorney at Petitioner's rearraignment, which unfortunately is not reflected in the transcript,[11] confirmed Petitioner's right to counsel.[12]

Moreover, Petitioner fails to allege that, if the Court had specifically addressed the right to appointed counsel at trial with him, while speaking on the record at his rearraignment, or if his trial counsel had "objected" to this omission, there is a reasonable probability that he would gave gone to trial rather than pleading guilty. The same is true with respect to Petitioner's complaints about the failure to advise him of the nonexistent mandatory minimum sentence for the offense in question.

Given the Court's resolution of Petitioner's complaints regarding his awareness of his right to counsel to trial, and the nonexistence of any mandatory minimum sentence, Petitioner likewise has failed to establish ineffective assistance of counsel by his trial attorney in failing to seek to withdraw his guilty plea, or his appellate counsel's failure to address these alleged omissions on appeal.

---

[11] *See* Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Amended) at 3-4; *see also* Government's Opposition at 11, n.2

[12] Petitioner asserts that the Government's attorney "remarked that she did not 'remember hearing the Court inform the defendant of his right to assistance of counsel.' The district judge replied, 'I didn't because he is represented by counsel.'" *See* Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Amended) at 4.

9

2.     *Trial Counsel's Alleged Coercion of Petitioner to Enter a Guilty Plea*

Petitioner also alleges that his trial counsel coerced his guilty plea by: (1) telling Petitioner that a jury trial would definitely result in a guilty verdict; (2) informing Petitioner that the Government's attorney had stated that additional charges would be filed against him if he did not plead guilty; and (3) erroneously telling Petitioner that he could be convicted on felon in possession charges for each of the four guns found in the vehicle, and face a consecutive 120-month sentence on each count. The Court likewise finds Petitioner's allegations regarding coercion by trial counsel do not establish that ineffective assistance of counsel induced an involuntary guilty plea.

Unquestionably, defense counsel has an important role in the process undertaken by a criminal defendant in deciding whether to enter a guilty plea or to proceed to trial. Indeed, the Fifth Circuit has emphasized that "[a] defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). Moreover, defense counsel's "stern warnings about the client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise voluntariness." *Id.* Such statements constitute warnings, not threats. *Id.* Here, there is no basis for concluding that trial counsel's alleged statements regarding Petitioner's chances of being convicted at trial – given the facts of the case – constituted anything more than permissible warnings.

Regarding the possibility that the Government would file a superseding indictment against Petitioner if he did not plead guilty, which allegedly would result multiple, consecutive 120-

months sentences, "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "'Solemn declarations in open court carry a strong presumption of verity,'" forming a "'formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1628-29, 52 L. Ed. 2d 136 (1977)). "Statements during the [guilty plea] colloquy [are given] greater weight than . . . unsupported, after-the-fact, self-serving revisions." *Cothran*, 302 F.3d 284.

In the context of alleged promises by counsel that are inconsistent with open court representations made by a criminal defendant when entering a guilty plea, the Fifth Circuit has said that an evidentiary hearing is appropriate, if the defendant "produces independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties. . . ." *Cervantes*, 132 F.3d at 1110. On the other hand, if "the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record," an evidentiary hearing is unnecessary. *Id.*

Here, during the rearraignment proceeding, Judge Clement undertook to ensure that Petitioner's guilty plea was knowing, voluntary, and intelligent, and that he had done the unlawful acts in question. She summarized the indictment, explained the elements of the offense, confirmed the accuracy of the provisions of the plea agreement and the factual basis, and indicated the maximum penalties under the relevant statutes. Petitioner stated that he understood the ramifications of pleading guilty (including the rights being waived), the plea agreement, and the factual basis.

11

The Court questioned Petitioner specifically about his waiver of the right to appeal, and he confirmed that he knowingly waived his right to challenge his sentence. Petitioner also indicated that he had been advised of the applicable sentencing guidelines and that, if appropriate, the Court could sentence him outside of those guidelines.[13]

Petitioner's present assertions regarding the Government's alleged intent to file additional charges directly contradict his statements at the rearraignment proceeding. There, he expressly rejected the notion that anyone had represented to him that additional charges would be filed, or other adverse action would take place, if he did not plead guilty. He also stated that no one had made any prediction or promise to him regarding his sentence.[14]

---

[13]    *See* Rearraignment Transcript.

[14]    The transcript of the rearraignment hearing reflects the following colloquy:

> *THE COURT:* Let me ask the Defendants: Does the written plea agreement that you've signed and your lawyers signed; does it correctly state the agreement between you and the Government?
>
> *THE DEFENDANT:* Yes, ma'am.
>
> *THE COURT:* And let me ask your lawyers: Do you agree that the letter signed by you and your client states the substance of the plea agreement?
>
> *MR. RASPANTI:* Yes, Judge.
>
> *THE COURT:* Let me ask the Defendants: Has anyone made any promise other than what is in the written plea agreement that you have signed, that persuaded you to plead guilty?
>
> *THE DEFENDANT:* No, ma'am.
>
> *THE COURT:* Has anyone threatened you or forced you to plead guilty or

Significantly, Petitioner has not submitted an affidavit or other sworn statement by his attorney or a third party supporting his allegations of his trial attorney's representations about possible additional charges and the resulting potential sentence. Other matters also undercut his assertions. For instance, the written plea agreement signed by Petitioner does not reference other charges. It further indicates that it "represent[s] defendant's entire agreement with the Government; [and that] there are not any other agreements, letter, or notations that will affect th[e] agreement."[15] Additionally, contrary to Petitioner's suggestion regarding the structure and contents of the superseding indictment, each of the four defendants is charged therein with possession of all four of the firearms at issue. It, unlike Petitioner's factual basis, does not assign possession of a particular gun to one of the defendants.

---

> told you if you do not plead guilty further charges would be brought against you, or other adverse action would be taken against you, or made any other commitments that are not in the written plea agreement?
>
> *THE DEFENDANT:* No, ma'am.
>
> \*\*\*
>
> *THE COURT:* Has anyone connected with the Government or any law enforcement agency or anyone else at any time made any prediction or any promise to you as to what your sentence will be?
>
> *THE DEFENDANT:* No, ma'am.

*See* Rearraignment Transcript at 18-20 (responses of co-defendants and their attorneys omitted).

[15]   *See* Plea Agreement at 3.

If it had finally been determined, prior to the Petitioner's sentencing, that the evidence showed that he had possessed all four of the firearms, moreover, that fact properly would have resulted in a specific offense characteristic increase of his base offense level under U.S.S.G. §2K2.1(b)(1). When such an increase was proposed by the probation officer, however, Petitioner's trial counsel registered an objection on Petitioner's behalf, referring to the factual basis and arguing that "the government has no intention of having the defendant held accountable for all of the guns."[16] Consistent with this assertion, the transcript of the sentencing hearing reflects that the Government informed the Court that it did not oppose Petitioner's objection to the level increase.[17]

Finally, Petitioner contends that his counsel informed him that, if charged with four counts of firearm possession, he necessarily would face consecutive 120-months sentences. Notwithstanding the legal restrictions on the Government's ability to so charge Petitioner, *see United States v. Berry*, 977 F.2d 915, 919-20 (5th Cir. 1992), he points to no legal authority supporting consecutive sentences. *Compare*, *e.g.,* 18 U.S.C. §924(a)(2) (providing for a maximum prison term of 10 years) with 18 U.S.C. §924(c)(1)(D)(ii) (no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment . . . .).

Given the foregoing, the Court concludes that neither Petitioner's submission nor the

---

[16] *See* Supplemental Addendum, page 20 to the Presentence Investigation Report prepared on January 11, 2001 (sealed document).

[17] *See* Transcript of February 7, 2001 Sentencing at 9, Rec. Doc. No. 98, and Exhibit D to Government's Opposition Memorandum.

record produce independent indicia of the likely merit of his allegations regarding his trial attorney's statements. Thus, the Court finds that Petitioner's present allegations regarding the coerced nature of his guilty plea are insufficient to overcome the presumption of veracity of his sworn denials, in open court, that additional charges, in the absence of a guilty plea, had been proposed.

        3.    *Appellate Counsel's Failure to Challenge the Factual Basis of Petitioner's Guilty Plea as Insufficient*

Petitioner additionally contends that his appellate counsel erred in failing to attack his guilty plea on the grounds that the evidence introduced at the time of that plea was insufficient to establish the necessary factual basis. Petitioner particularly asserts that the Government's attorney failed to personally state on the record that the firearm in question had traveled through interstate commerce, and that the Government's attorney failed to personally state on the record that the evidence would demonstrate possession, rather than "mere presence" in, or control over, the vehicle in which the firearm was hidden. Petitioner likewise fails to establish ineffective assistance of counsel on these grounds.

The transcript of the rearraignment reveals that Judge Clement explained the elements of the felon in possession offense to Petitioner. That discussion included the requirement that the firearm had been in or affecting commerce; that is, that it had traveled from one state to another.[18] Petitioner confirmed under oath, in response to the Court's questions, that he in fact had committed

---

[18]     *See* Rearraignment Transcript at 14.

the offense, as it had been explained to him.[19]

The factual basis signed by Petitioner and his trial counsel, moreover, sets forth that each of the four firearms found in the car driven by Petitioner, on June 12, 2000, "was manufactured outside the State of Louisiana, and traveled in interstate commerce and thereby had affect [*sic*] interstate commerce when brought to Louisiana."[20] Regarding possession of a firearm, as opposed to mere presence in or control over the vehicle, the factual basis specifically states: "Each defendant brought a single firearm when he entered the automobile. All the guns were hidden under the front floor board carpet. Kisack possessed a .9 mm caliber black pistol model TZ99, serial number T002174."[21] Significantly, when asked at the rearraignment proceeding, Petitioner affirmed that he understood the evidence included in the factual basis, and agreed that this is what he had done.[22] Given the foregoing, the Court finds the evidence to which Petitioner has admitted provides an adequate factual basis for his plea and, thus, also rejects these claims of ineffective assistance of counsel.

As stated herein, the Court has determined that the parties' submissions and the record reveal Petitioner's claims of involuntary ineffective assistance of counsel – at both the trial and

---

[19]     *Id.*

[20]     *See* November 1, 2000 Factual Basis at 3, Rec. Doc. No. 68, and Exhibit A to Government's Opposition Memorandum.

[21]     *Id.* at 2.

[22]     *See* Rearraignment Transcript at 22.

appellate level – to be without merit. Accordingly, **IT IS ORDERED** that Petitioner's §2255 Motion to Vacate, Set Aside, or Correct Sentence (Rec. Doc. No. 115) is **DENIED**.

For essentially the same reasons, **IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing and Motion for Appointment of Counsel (Rec. Doc. No. 115) are **DENIED**. *See* 18 U.S.C. §3006A (appointed counsel provided to financially eligible persons for purposes of §2255 requests for relief when the interests of justice so require); *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (summary calendar) (denying appointment of counsel because §2255 claims lacked merit); *United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984) (evidentiary hearing required unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief).[23]

II.  **Motion to Vacate, Set Aside, or Correct Sentence; Reasons for Waiver of One-Year Period of Limitation Under the Antiterrorism Effective Death Penalty Act of 1996, Pursuant to Title 28 U.S.C. §2244(d)(1)(B), Fed. R. Crim. P. (Rec. Doc. Nos. 129-30)**

Petitioner filed a second motion to vacate, set aside, or correct his sentence on March 19, 2004. Although not so designated, the Court reviews this motion as one seeking to supplement or amend his first §2255 motion to vacate, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to assert additional grounds for relief. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (district court should have evaluated timeliness of supplemental motion under Rule 15).

---

[23] These rulings encompass the grounds set forth in the "original" portion of that document, as well as the "amended" portion.

In his March 19, 2004 filing, Petitioner contends that his trial attorney failed to advise him, at the time he entered his guilty plea, of the one-year period of limitation under the AEDPA for filing a §2255 motion. As a result, argues Petitioner, he entered a guilty plea that he would not have otherwise entered, and did not retain competent counsel to represent him in post-conviction proceedings. Petitioner additionally appears to complain that the failure of the Government to inform him of the one-year limitation period served as in "impediment to making a motion," as contemplated by §2255(2). Petitioner alleges that he did not become aware of the one-year limitation period until February 27, 2004.

Addressing Petitioner's timeliness argument first, the Court disagrees that the Government's failure to advise Petitioner, at the time he entered his guilty plea, of the AEDPA's one-year limitation period "created an impediment to making" a §2255 motion.[24] Petitioner has offered no evidence, or even alleged, that he could not have discovered the applicable time period by his own diligent efforts. Accordingly, for purposes of Petitioner's March 19, 2004 submission, the Court determines that the date the judgment of conviction became final provided the starting point for the one-year limitation period.

Under those circumstances, Petitioner's March 19, 2004 request for relief is not timely unless it "relates back," under Rule 15(c)(2) of the Federal Rules of Civil Procedure, to the

---

[24] Although neither party has expressly referenced the equitable tolling doctrine, the Court notes that Petitioner has not alleged any *facts* suggesting that the Government or either of his own attorneys affirmatively misrepresented, or purposefully, and without good reason, failed to inform Petitioner of, the relevant limitation period.

October 2002 date that his original motion was filed. A claim "relates back" under that rule if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed. R. Civ. P. 15(c).[25] Neither the facts nor the legal issues addressed as part of the ineffective assistance of counsel claims asserted in Petitioner's first §2255 filing provide any notice of the March 19, 2004 claim regarding the one-year limitation period. Thus, the later claim does not "relate back" to the earlier date, and therefore is untimely. *See, e.g., United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (original petition did not provide notice of a different sort of theory; therefore, amendment did not relate back); *McGregor v. Louisiana State University Board of Supervisors*, 3 F.3d 850, 864 (5th Cir. 1993) (amendment attempting to add new legal theory unsupported by factual claims raised in original complaint did not relate back for purposes of Rule 15(c)(2); *Islas-Alvarez v. United States of America*, 2003 WL 1566551, *5 (W.D. Tex. 3/20/03) ("while amendments that expand upon or clarify facts previously alleged will typically relate back, those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated more cautiously").

       Even if the claim asserted in Petitioner's March 19, 2004 request for relief is timely, it nonetheless fails on its merits. The Court disagrees that there is a reasonable probability that, but for his attorney's alleged failure to advise him of the one-year limitation period, he would not have pleaded guilty and would have insisted on going to trial. The same one-year limitation period would

---

[25] Neither of the other bases for a claim to "relate back" under Rule 15(c) is applicable. *See* Fed. R. Civ. P. 15(c)(1) and (3).

19

apply if Petitioner has been convicted after a trial on the merits. Further, despite his alleged unawareness of the one-year limitation, Petitioner timely filed his first motion under §2255 in October 2002. In any event, Petitioner agreed, as part of what has been determined to be a valid plea agreement, that he would *not* "contest his sentence in a post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255."[26]

Because the Court finds that the claim asserted in Petitioner's March 19, 2004 motion is time-barred and otherwise without merit, **IT IS ORDERED** that the motion is **DENIED**. Given this determination, **IT IS FURTHER ORDERED** that the Government's motion to dismiss (Rec. Doc. No. 132) is **MOOT**.

New Orleans, Louisiana, this  28th  day of June 2005.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[26] *See* Plea Agreement at 2; Rearraignment Transcript at 11-12.