

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO: 00-172 |
| v. | * | SECTION: "N" |
| KEITH C. KISACK | * | |

\* \* \*

### GOVERNMENT'S MEMORANDUM IN OPPOSITION
### TO KEITH C. KISACK'S THIRD MOTION
### FOR POST-CONVICTION RELIEF UNDER 28 U.S.C. § 2255

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes the United States of America and respectfully opposes Keith C. Kisack's third attempt to obtain relief from his sentence, apparently under 28 U.S.C. § 2255, this time in the form of two letters to the Court. See Rec. Doc. Nos. 144-45, 149-50. The letters, at best, constitute an untimely and improper attempt to amend Kisack's two prior unsuccessful motions – to add an unrelated claim concerning a 1999 state court conviction, a claim apparently rejected by the state court at Kisack's 1999 sentencing and which Kisack attempts to support with an affidavit from the spring of 2002. The unrelated allegations do not relate back to Kisack's original § 2255 filing under Rule 15(c) of the Federal Rules of Civil Procedure.

1



Further, the motion presents no basis for relief, as Kisack
has submitted no evidence that his prior conviction has been
overturned or otherwise invalidated by the state court before
which he entered his guilty plea.  Indeed, the apparent
transcript submitted by Kisack indicates the opposite – that
Kisack's attorney challenged the victim's credibility before the
state court at sentencing, and the court considered and rejected
Kisack's allegations.  Moreover, the transcript indicates Kisack
specifically acknowledged that any alleged falsehoods by Eugene
Ellis did not prejudice him as to his rights or otherwise
compromise the case against him.

Finally, even if the plea were vacated, there is no evidence
Kisack acted with diligence in attacking his 1999 conviction but
instead apparently has filed no state appeal or habeas petition
on the claims raised herein. This, too, precludes renewal of the
limitations period to permit him to assert this belated
amendment.

**I.   Course of the Proceedings**

On July 13, 2000, a federal grand jury in the Eastern
District of Louisiana charged Kisack and co-defendants Steven
Taylor, Rosaious White, and Corey Harrison each with one count of
being a convicted felon knowingly possessing in and affecting
interstate commerce a firearm in violation of Title 18, United
States Code, Sections 922(g)(1), 924(a)(2), and 2.

2

Kisack pled guilty to count 1 of the four-count superseding indictment, reserving his right to appeal the denial of his motion to suppress.  On February 8, 2001, Kisack was sentenced to a term of imprisonment of 96 months, based in part on his 1999 conviction in Orleans Parish Criminal District Court for robbery and kidnapping.  See Presentence Report, ¶ 41.

On November 7, 2001, the Fifth Circuit affirmed the denial of Kisack's motion to suppress.

On October 17, 2002, Kisack timely filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255.  Rec. Doc. No. 115.  On March 19, 2004, Kisack filed a second § 2255 motion.  Rec. Doc. Nos. 129-30.  On June 30, 2005, the Court denied the former motion due to Kisack's waiver of collateral relief and on the merits, and the latter  as untimely because the motion contained an unrelated claim which did not relate back to Kisack's first § 2255 motion.  Rec. Doc. Nos. 149-50.  Neither prior § 2255 motion concerned vacatur of Kisack's 1999 state court conviction.

While the prior § 2255 motions were still pending, Kisack forwarded to the Court two letters dated November 5, 2004, and February 23, 2005, both of which seek relief from Kisack's sentence based on allegations apparently presented to the state court at Kisack's October 4, 1999, sentencing, and on the alleged spring 2002 recanting of a victim to the state crime.  Kisack

3

also claims has reformed, but this allegation forms no basis for § 2255 relief.

## II.    **Statement of the Facts**

The facts of this case were set forth in the government's response to Kisack's first § 2255 motion and are realleged and set forth herein by reference.  See Rec. Doc. No. 118, pp. 2-3.

## III.   **Law and Argument**

### A.    Kisack's attempted amendment does not relate back

Aside from generally claiming he is reformed and wishes to be released from prison, which is no basis for relief under § 2255,[1] Kisack raises one issue in his two letters: The credibility of co-inmate Eugene (apparently a.k.a. Troy) Ellis, first apparently argued to the state court at Kisack's October 4, 1999, sentencing, and then raised again in an affidavit in the spring of 2002 in which Ellis allegedly recanted the accusations Kisack contends formed the basis for his guilty plea and sentence in the Orleans Parish Criminal District Court case.  The 1999 conviction was used to enhance Kisack's sentence in this case. See Presentence Report, ¶ 41.

Kisack did not state in his letters that he is seeking to amend his prior § 2255 filings, nor has he filed a motion to

---

[1]Collateral review is limited to fundamental flaws in the underlying proceeding and does not encompass events taking place post-sentencing.  See, e.g., United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990).

amend.  Kisack, however, is seeking relief from his sentence,
which relief is available only under § 2255. Accordingly, in an
abundance of caution, the government will construe the letters as
an attempt to amend Kisack's prior, unsuccessful filings.[2]
Because Kisack raises yet another new theory unsupported by
factual claims raised in his first § 2255 petition, his attempted
amendment is untimely and should be denied.

       An otherwise time-barred claim under § 2255 may be asserted
if it "relates back" to the timely filed original § 2255 filing
under Rule 15(c) of the Federal Rules of Civil Procedure.  Mayle
v. Felix, 125 S. Ct. 2562, 2005 WL 1469153, *4 (June 23, 2005);
United States v. Saenz, 282 F.3d 354, 356 (5th Cir. 2002). Rule
15(c) provides that an amendment will relate back to the date of
the original pleading if the claim asserted in the amended
pleading arises "out of the conduct, transaction, or occurrence
set forth or attempted to be set forth in the original pleading."
Fed. R. Civ. P. 15(c)(2); see Mayle, 2005 WL 1469153, *4; Saenz,
282 F.3d at 355-56.  "An amended habeas petition, we hold, does
not relate back (and thereby escape AEDPA's one-year time limit)

_____

       [2]Although the prior motions since have been denied, Kisack's
two letters were filed when the motions were pending and thus are
more akin to an attempted amendment than a second or successive
§ 2255 petition. See generally Ching v. United States, 298 F.3d
174, 177 (2d Cir. 2002) ("[I]n general, when a § 2255 motion is
filed before adjudication of an initial § 2255 motion is
complete, the district court should construe the second § 2255
motion as a motion to amend the pending § 2255 motion.").

when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." <u>Mayle</u>, 2005 WL 1469153, *4.

In <u>Mayle</u>, the Supreme Court held that two alleged errors in the underlying trial did not satisfy this test, even though both involved the admission of out-of-court statements during the prosecution's case-in-chief, because they were not "tied to a common core of operative facts." <u>Id.</u> at *12. New assertions pertaining to a prior conviction used to sentence Kisack – an issue not raised in either prior § 2255 filing – are too attenuated to relate back to the original timely filing under <u>Mayle</u>. <u>See id.</u> at **8-12 & n.7; <u>see also</u> Rec. Doc. No. 149 at p. 19. Accordingly, the allegation is time-barred under Rule 15(c).

B.   <u>Kisack has stated no basis for relief under § 2255</u>

Kisack alleges to this Court that his 1999 conviction, to which Kisack had pled guilty, was based on lies made up by now co-inmate Eugene Ellis. In his February 23, 2005, letter, Kisack states that he "sent this information to the appropriate court and filed a h[a]beas corpus" in that court. An on-line review of the Orleans Parish Criminal District Court docket for Kisack's 1999 robbery and kidnapping conviction in Case No. 403-642, however, reveals no activity since 1999. <u>See</u> Orleans Parish Criminal District Court Docket Master, attached as Exhibit 1.

Having apparently failed to file a habeas challenge in the underlying state case despite his representations to this Court, Kisack has no claim that the state court conviction has been vacated and thus cannot seek relief on this basis. See Johnson v. United States, 125 S. Ct. 1571 (2005)(recognizing propriety of petitioner's attack on sentence in a first § 2255 petition because of underlying convictions' vacatur).[3]

---

[3]Cf. United States v. Marks, 379 F.3d 1114, 1119 (9th Cir. 2004) (observing that, in a case challenging the use of allegedly unconstitutional convictions to enhance the penalty for possession of a firearm by a felon under 18 U.S.C. § 924(e), the Supreme Court held a court may not count a conviction "which has been . . . set aside," and that, "[t]he provision that a court may not count a conviction 'which has been ... set aside' creates a clear negative implication that courts may count a conviction that has not been set aside") (quoting Custis v. United States, 511 U.S. 485, 491 (1994)); accord Daniels v. United States, 532 U.S. 374, 375 (2001)("[A] defendant may not collaterally attack his prior conviction through a motion under § 2255, unless he claims that conviction was obtained in violation of the right to counsel and he raised that claim at his federal sentencing proceeding."). The interest in finality particularly mitigates against permitting a challenge to a prior state conviction in federal court when, as here, the conviction was the product of a guilty plea. See Custis, 511 U.S. at 496 ("principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing. By challenging the previous conviction, the defendant is asking a district court 'to deprive [the] [state-court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t].' These principles bear extra weight in cases in which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attack has special force.'") (citations omitted).

7

Further, the transcript attached to Kisack's November 5, 2004, letter appears to be an excerpt from Kisack's sentencing in the 1999 case, in which Kisack's attorney raised the credibility concerns Kisack now propounds, which arguments were rejected by the state court.[4]  Moreover, the transcript shows Kisack himself was questioned and denied that any alleged falsehoods by Ellis compromised his rights or the case against him. In particular, at page 13 of the transcript, the state court specifically asked, "we want to find out whether or not anybody, meaning defense counsel or any witnesses to defense in any case believes that in any way this Court denied them any rights that they may have had regarding the case that they were standing before the Bar on," to which Kisack and his counsel replied, "No, ma'am," and "No," respectively. See also Orleans Parish Criminal District Court Docket Master, pp. 4-5 ("Court asked all defendants if they felt their case had been compromised by Mr. Ellis statement.  All defendants stated that they did not feel that they had been

---

[4]Cf. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 405 (2001)(noting in dicta that a defendant may not be "faulted for failing to obtain timely review of a constitutional claim" if "a state court ..., without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it," or if, "after the time for direct or collateral review has expired, a defendant ... obtain[s] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner"). Kisack's attorney apparently propounded Kisack's arguments concerning Ellis' credibility at his 1999 sentencing and Kisack has provided no reason he could not have attacked his sentence on direct appeal or collaterally in state court.

denied any of their rights or prejudiced, or that their case had
been compromised by the false statements of Troy [apparently,
also known as Eugene] Ellis."), attached as Exhibit 1.

Further, even assuming Kisack initiates a habeas petition in
state court now and achieves vacatur of the prior conviction, he
will have acted without diligence, having learned of the
credibility allegations at least as early as his state court
sentencing in the fall of 1999 and Ellis' alleged recantation
shortly after his 2001 sentencing in this case.[5] The one-year
time-bar under the AEDPA can be statutorily tolled to run from
"the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence." § 2255 ¶6(4). Under Johnson, however, Kisack has
slumbered on his rights. See Johnson, 125 S.Ct. at 1582 (holding
21-month delay was unreasonable). Section 2255 ¶6(4) thus affords
Kisack no relief from the one-year statute of limitations for a
claim he admittedly knew about at least two-and-one-half years
before raising it to this Court.

## IV.   Conclusion

For the foregoing reasons, the government respectfully
requests that Keith Kisack's two letters apparently seeking

---

[5]Kisack states at page 2 of his February 23, 2005, letter,
that he learned of Ellis' affidavit "only months" after
sentencing in this case.

§ 2255 relief be denied as untimely and improper attempts to amend his prior unsuccessful § 2255 petition.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

DIANE HOLLENSHEAD COPES
Assistant United States Attorney
Louisiana Bar Roll Number 23456
Hale Boggs Federal Building
500 Poydras Street, Room 210-B
New Orleans, Louisiana  70130
Telephone:  (504) 680-3029

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing
has been served upon pro se defendant,
by mailing same, properly
addressed and postage prepaid, this _14th_
day of July, 2005.

Assistant United States Attorney

10

```
Case: 403642              D O C K E T   M A S T E R          Date: 07/05/2005
Section: C/K/C                                               Time:  10:09:18
Class: 2
                         ORLEANS PARISH CRIMINAL DISTRICT COURT

=================================================================================
DF# DEFENDANT(S):        CNTS CHARGE(S):
=================================================================================


  1 GREEN, GREGORY W
                          1  RS 14  (26) 64            BOND:      50,000.00
                             CONSP ARMED ROBBERY
                          1  RS 14  (27) 30.1          BOND:      50,000.00
                             ATT 2ND DEGREE MURDER
                          1  RS 14  34                 BOND:           0.00
                             AGGRAVATED BATTERY
                          1  RS 14  45                 BOND:           0.00
                             SIMPLE KIDNAPPING
                          1  RS 14  64                 BOND:     100,000.00
                             ARMED ROBBERY
                          3  RS 14  65                 BOND:           0.00
                             SIMPLE ROBBERY
                          1  RS 14  (26) 65            BOND:           0.00
                             CONSP SIMPLE ROBBERY
                          1  RS 14  44.1               BOND:      25,000.00
                             SECOND DEGREE KIDNAPPING
  2 RUFFIN, VERNON E
                          1  RS 14  (26) 64            BOND:           0.00
                             CONSP ARMED ROBBERY
  2 RUFFIN, VERNON E
                          1  RS 14  45                 BOND:           0.00
                             SIMPLE KIDNAPPING
  2 RUFFIN, VERNON E
                          1  RS 14  64                 BOND:           0.00
                             ARMED ROBBERY
  2 RUFFIN, VERNON E
                          1  RS 14  65                 BOND:           0.00
                             SIMPLE ROBBERY
  2 RUFFIN, VERNON E
                          1  RS 14  (26) 65            BOND:           0.00
                             CONSP SIMPLE ROBBERY
  2 RUFFIN, VERNON E
                          1  RS 14  44.1               BOND:           0.00
                             SECOND DEGREE KIDNAPPING
  3 KISACK, KEITH C
                          1  RS 14  (26) 64            BOND:           0.00
                             CONSP ARMED ROBBERY
  3 KISACK, KEITH C
                          1  RS 14  45                 BOND:           0.00
                             SIMPLE KIDNAPPING
  3 KISACK, KEITH C
                          1  RS 14  64                 BOND:           0.00
                             ARMED ROBBERY
  3 KISACK, KEITH C
                          1  RS 14  65                 BOND:           0.00
                             SIMPLE ROBBERY
  3 KISACK, KEITH C
                          1  RS 14  (26) 65            BOND:           0.00
                             CONSP SIMPLE ROBBERY
  3 KISACK, KEITH C
                          1  RS 14  (26) 65            BOND:           0.00
                             CONSP SIMPLE ROBBERY
  3 KISACK, KEITH C
                          1  RS 14  44.1               BOND:           0.00
                             SECOND DEGREE KIDNAPPING
```

GOVERNMENT
EXHIBIT
1
PENGAD, Bayonne, N.J.

```
==============================================================================
  DATE      PROCEEDINGS
==============================================================================
```

12/16/1998                                                    BUCKLESD
          FILED BILL OF INFORMATION
          CAPIAS ISSUED
          BOND SET $225,000 (GREEN)  NONE AS TO (KISACK,RUFFIN)
          MAGISTRATE PAPERWORK FILED (M-346053, DOB 12/6/71, F#863762 AS TO
                          GREGORY GREEN)
12/17/1998                                                    BUCKLESD
          ALLOTTED.
          TRANSFERRED TO SECTION "K" UNDER THE RULES OF COURT TO FOLLOW
          CASE #395-611)
01/25/1999                                                    READERM
          TRANSFER TO SECTION "C" UNDER THE RULES OF COURT.  A THIRD
          DEFENDANT WAS ADDED.  THIS IS A NEW CASE.
01/29/1999                                                    READERM
          SET FOR ARRAIGNMENT ON 2/1/99.
02/01/1999                                                    DEVERNAY
          COURT ORDERD THIS CASE TRANSFERRED TO SECTION "C" -#400-867.
                                                                      6
02/09/1999                                                    SMITHM
          CASE RECEIVED. ARRAIGNMENT SET FOR 2/11/99, AS TO ALL DEFENDANTS.
02/11/1999                                                    SMITHM
          DEFENDANTS GREEN, RUFFIN AND KISACH APPEARED AT THE BAR FOR
          ARRAIGNMENT. COURT APPOINTED OIDP ATTORNEY O. JUPITER TO
          REPRESENT DEFENDANTS GREEN AND RUFFIN. ATTORNEY CUSIMANO
          REPRESENTED MR. KISACK. DEFENDANTS THRU COUNSEL ENTERED A PLEA OF
          NOT GUILTY. COURT ADVISED THE DEFENDANTS OF THEIR RIGHT TO TRIAL
          BY JUDGE OR JURY. SET MOTION TO DETERMINE COUNSEL FOR DEFENDANT
          GREEN AND RUFFIN 2/24/99. SET STATUS FOR DEFENDANT KISACK,
          2/24/99. PDOJL.
02/24/1999                                                    DWATSON
          DEFENDANTS *GREEN*, *RUFFIN* AND *KISACK* APPEARED FOR HEARING TO
          DETERMINE COUNSEL. COURT APPOINTED LOYOLA LAW CLINIC TO REPRESENT
          DEFENDANT GREEN. ATTY. BRUCE WHITTAKER SIGNED AS COUNSEL OF RE-
          CORD FOR DEFENDATN KISACK. HEARING ON MOTIONS SET 3/19/99 AS TO
          ALL DEFENDANTS. NOTIFY LAW CLINIC. PDOJL-GREEN, RUFFIN AND KISACK
03/19/1999                                                    BUCKLESD
          DEFENDANTS GREEN, RUFFIN AND KISACK APPEARED IN COURT HEARING ON
          MOTIONS. ATTORNEY WHITTAKER REPRESENTED DEFENDANT RUFFIN. ATTOR-
          NEY CUSIMANO REPRESENTED DEFENDANT KISACK. COURT APPOINTED OIDP
          ATTORNEY D. SAUVIAC TO REPRESENT DEFENDANT GREEN. THE FOLLOWING
          ITEMS WAS INTRODUCED AND SUBMITTED INTO EVIDENCE BY THE STATE:
          S-1,S-2. DEFENSE COUNSEL SAUVIAC REERVES RIGHT TO QUESTION WIT-
          NESS ON PICTURES OF HIS DEFENDANT AT A LATER TIME. MOTION HEARING
          CONTINUED TO 3/26/99. SET TRIAL 5/6/99. NOTIFY ALL. DEFENSE COUN-
          SEL NOC. PDOJL. (ALL)
03/26/1999                                                    SMITHM
          PICTURES WERE AVAILABLE FOR REVIEW. THIS MATTER WAS PUT ON HOLD.
          THE COURT AWAITED THE ARRIVAL OF DEFENSE COUNSEL DON SAUVIAC. THE
          PICTURES WERE AVAILABLE FOR REVIEW. DEFENSE COUNSEL APPEARED, AND
          THEN LEFT BEFORE TAKING THIS MATTER UP. ALREADY SET FOR TRIAL.
          WILL PROCEED ON THAT DATE.
04/16/1999                                                    SMITHM
          THIS IS AN ADD-ON. ATTORNEY BRUCE WHITTAKER APPEARED AND FILED
          MOTION FOR PRODUCTION OF EXCULPATORY AND IMPEACHING EVIDENCE.
05/06/1999                                                    SMITHM
          ATTORNEY CUSIMANO APPEARED AND FILED AN ORAL MOTION TO WITHDRAW
          AS COUNSEL OF RECORD. THE COURT GRANTED. ATTONEY HAROLD DUCLOUX
          APPEARED AND SIGNED ON AS ATTORNEY OF RECORD ON BEHALF OF
          DEFENDANT KISACK. ATTORNEY MARIE SCAVETTA APPEARED AND SIGNED ON
          AS CO-COUNSEL. THE COURT GRANTED A PRO HOC VICE FOR ATTORNEY

SCAVETTA. ATTORNEY JUPITER APPEARED. THIS IS A STATE AND DEFENSE
CONTINUANCE. RESET TRIAL 6/15/99. NOTIFY ALL. PDSOJL.

05/28/1999                                                          SMITHM
COUNSEL FOR THE DEFEDANT FILED WITH THE COURT THIS DAY. MOTION
FOR DISCOVERY AND INSPECTION. MOTION TO RELEASE WITHOUT BAIL OR
DISCHARGE THE BAIL OBLIGATION. THE COURT SET THIS MATTER FOR
HEARING ON MOTION ON 6/1/99.

06/10/1999                                                          SMITHM
THIS IS AN ADD-ON. THE STATE TURNED OVER ANSWER TO MOTION FOR
DISCOVERY. ANSWER TO MOTION FOR PRODUCTION OF EXCULPATORY AND
IMPEACHING EVIDENCE, LETTER TO D.A. FROM KEITH KISACK, 8PG
INCIDENT REPORT, 3PG. SUPPLEMENTAL REPORT, 8PG INCIDENT REPORT,
POLICE REPORT, RAP SHEET AND CRIMINAL RECORD OF KEITH KISACK,
CRIM LAB REPORT, OF 8/3/99, 2 RAP SHEETS OF VERNON RUFFIN,
GREGORY GREEN ARREST WARRANT, 5PG. CRIME SCENE TECHNICIAN REPORT,
EUGENE ELLIS MEDICAL RECORDS CASE SUMMARY, LSUMC MEDICAL RECORDS
ON EUGENE ELLIS, RAP SHEET ON TROY ELLIS.

06/18/1999                                                          SMITHM
ORDER RECEIVED FROM 4TH CIRCUIT 'DS HEREBY ORDERED: THAT THE
MOTIN TO ADOPT PLEADINGS FILED CODEFENDANTS, GREGORY GREEN AND
VERNON RUFFIN BE GRANTED.

06/22/1999                                                          SMITHM
WRIT #99-K-1507, 4TH CIRCUIT-WRIT GRANTED, MISTRIAL GRANTED.

06/24/1999                                                          SMITHM
THIS IS AN ADD-ON. DEFENDNAT DID NOT APPEAR AT THE BAR OF THE
COURT. ATTORNEYS B. WHITTAKER, H. DECLOUX, AND O. JUPITER
APPEARED AT THE BA ROF THE BENCH. MISTRIAL ORDERED BY THE 4TH
CIRUCUIT. THE ATTEMPT SECOND DEGREE MURDER COUNT HAS BEEN SEVERED
OUT. TRIAL IS SET AS TO KISACH, RUFFIN AND GREEN ON 8/23/99, WITH
AN ALTERNATE DATE OF 9/13/99. TRIAL IS SET FOR AS TO G. GREEN ON
THE ATTEMPT SECOND DEGREE ON 8/23/99, WITH ALTERNATE DATE OF
9/13/99. PDSOJL. NOTIFY ALL.

08/06/1999                                                          SMITHM
THIS IS AN ADD-ON AT DEFENSE'S REQUEST. ATTY. HAROLD DUCLOUX
FILED A DEFENSE MOTION TO QUASH THE INDICTMENT. COURT DENIED THE
MOTION. COURT HAS FOLLOWED INSTRUCTIONS OF THE 4TH CIRCUIT AND
SUPREME COURT BY NOT PROCEEDINGON THE 2ND DEGREE MURDER CHARGE.
DEFENSE WILL TAKE A WRIT. WRIT RETURN 8/9/99 AT 12:00 NOON. CASE
PREVIOUSLY SET FOR TRIAL 8/23/99. PDOJL.

10/01/1999                                                          SMITHM
THIS IS AN ADD-ON. TRIAL SET FOR 10/4/99, AS PER DIANE MINUTE
CLERK FOR SECTION "C".

10/04/1999                                                          SMITHM
DEFENDANTS GREEN, RUFFIN, AND KISACK APPEARED BEFORE THE BAR
OF THE COURT FOR TRIAL, ATTENDED BY COUNSEL O. JUPITER (GREEN),
B. WHITTAKER (RUFFIN) AND ATTY. SCAVIETTA (KISACK). AS TO
DEFENDANT GREEN, THE STATE AMENDED THE BILL OF INFORMATION AS
FOLLOWS: COUNT 1--ARMED ROBBERY (14:64) AMENDED TO SIMPLE ROBBERY
(14:65). COUNT 2--SECOND DEGREE KIDNAPPING (14:44.1) AMENDED TO
SIMPLE KIDNAPPING (14:45). COUNT 3--CONSP ARMED ROBBERY (14 (26)
64) AMENDED TO CONSP. SIMPLE ROBBERY (14 (26) 65. COUNT 4--ATT.
SECOND DEGREE MURDER (14 (27) 30.1) AMENDED TO AGG. BATTER (14:
34). THE DEFENDANT, THRU COUNSEL, ENTERED A PLEA OF GUILTY TO ALL
OF THE AMENDED CHARGES. THE COURT FOUND A BASIS IN FACT AND
ORDERED THE GUILTY PLEA RECORDED. THE DEFENSE WAIVED DELAYS AND
REQUESTED IMMEDIATE SENTENCING. THE COURT SENTENCED THE DEFENDANT
GREEN TO (3 1/2 YEARS ON EACH COUNT, WITH CREDIT FOR ANY AND ALL
TIME SERVED. SENTENCES WIL RUN CONCURRENT WITH EACH OTHER AND
WITH ANY AND ALL OTHER TIME THE DEFENDANT MAY BE SERVING. THE
STATE AGREED NOT TO MULITPLE BILL DEFENDANT GREEN. AS TO
DEFENDANT RUFFIN: THE STATE AMENDED THE BILL OF INFORMATION AS
FOLLOWS: COUNT 1--ARMED ROBBERY (14:64) AMENDED TO SIMPLE ROBBERY
(14:65). COUNT 2--SECOND DEGREE KIDNAPPING (14:44.1) AMENDED TO
SIMPLE KIDNAPPING (14:45). COUNT 3--CONSP ARMED ROBBERY (14 (26)
64) AMENDED TO CONSP SIMPLE ROBBERY 14 (26) 65. THE DEFENDANT,

THRU COUNSEL, ENTERED A PLEA OF GUILTY TO ALL OF THE AMENDED
CHARGES. THE COURT FOUND A BASIS IN FACT AND ORDERED THE GUILTY
PLEA RECORDED. THE DEFENSE WAIVED DELAYS AND REQUESTED IMMEDIATE
SENTENCING. THE COURT SENTENCED DEFENDANT RUFFIN TO (22 MONTHS)
ON EACH COUNT, WITH CREDIT FOR ANY AND ALL TIME SERVED. SENTENCES
WILL RUN CONCURRENT WITH EACH OTHER AND WITH ANY AND OTHER TIME
THE DEFENDANT MAY BE SERVING. THE STATE HAS AGREEN NOT TO
MULTIPLE BILL DEFENDANT RUFFIN. COURT ALSO NOTES THERE SHOULD BE
NO PROBATION HOLDS ON DEFENDANT RUFFIN. AS TO DEFENDANT KISACK
THE STATE AMENDED THE BILL OF INFORMATION AS FOLLOWS: COUNT 1--AR
ARMEND ROBBER (14:64) AMENDED TO SIMPLE ROBBERY (14:65). COUNT
2--SECOND DEGREE KIDNAPPING (14:44.1) AMENDED TO SIMPLE
KIDNAPPING (14:45). COUNT 3--CONSP ARMED ROBBERY (14 (26) 64)
AMENDED TO CONSP SIMPLE ROBBERY (14 (26) 65). THE DEFENDANT, THRU
COUNSEL ENTERED A PLEA OF GUILTY TO ALL OF THE AMENDED CHARGES.
THE COURT FOUND A BASIS IN FACT AND ORDERED THE GUILTY PLEA
RECORDED. THE DEFENSE WAIVED DELAYS AND REQUESTED IMMEDIATE
SENTENCING. THE COURT SENTENCED DEFENDANT KISACH TO (22 MONTHS ON
EACH COUNT, WITH CREDIT FOR ANY AND ALL TIME SERVED. SENTENCES
WILL RUN CONCURRENT WITH EACH OTHER AND WITH ANY AND ALL OTHER
TIME THE DEFENDANT MAY BE SERVING. THE STATE HAS AGREED NOT TO
MULTIPLE BILL DEFENDANT KISACK. COURT NOTED THERE SHOULD BE NO
PAROLE HOLDS ON DEFENDANT KISACK. COURT NOTED THERE SHOULD BE NO
PAROLE HOLDS ON DEFENDANT KISACK. ALL DEFENDANTS WERE GIVEN A
COPY OF THEIR PLEA FORM. ATTY. ACAVETTA READ A STATEMENT FROM
STATE WITNESS TROY ELLIS, ALLEGING THAT HE IS RELATED TO JUDGE
HUNTER. COURT STATE THAT TROY ELLIS IN NOT RELATED TO THE COURT
AND THAT THE COURT DID NOT RECOGNIZE THE WITNESS AT HIS LAST
COURT APPEARANCE. COURT FURTHER STATED THAT THE ENTIRE STATEMENT
OF TROY ELLIS IS BASELESS, MERITLESS, AND FABRICATED. COURT ASKED
ALL DEFENDANTS IF THEY FELT THEIR CASE HAD BEEN COMPROMISED BY
MR. ELLIS STATEMENT. ALL DEFENDANTS STATED THAT THEY DID NOT FEEL
THAT THEY HAD BEEN DENIED ANY OF THEIR RIGHTS OR PREJUDICED, OR
THAT THEIR CASE HAD BEEN COMPROMISED BY THE FALSE STATEMENTS OF
TROY ELLIS.
                         C L O S E D.
11/09/1999                                                 SMITHM
     THIS MINUTE ENTRY IS TO AMEND AND SUPPLEMENT THE MINUTE ENTRY OF
     10/4/99. AS TO DEFENDANT GREEN, SENTENCE IS TO DEPT OF
     CORRECTIONS. AS TO DEFENDANT RUFFIN, SENTENCE IS TO DEPT OF
     CORRECTIONS. AS TO DEFENDANT KISACK, SENTENCE IS TO DEPT. OF
     CORRECTIONS.
                         C L O S E D.
================================================================================
                        END OF DOCKET MASTER
================================================================================

Disclaimer:

The Orleans Parish Criminal Sheriff's Office provides computer services to both the Orleans
Parish Clerk of Criminal District Court and the Orleans Parish Criminal District Court. The
Orleans Parish Criminal Sheriff's Office DOES NOT maintain or ensure the information
provided is complete and accurate, and this information can change quickly. Therefore, the
information on this site may not reflect the true charges, status, next court date, or other
information regarding a case. The information is provided as a request under the Freedom of
Information Act, and the Public Records Act. Nothing contained herein is intended to imply or
infer the guilt or wrongdoing of any person(s) listed on this site. This information shall not be
considered, or used as, a public document, or official document, and no other publication or
copying of this information is allowed without the express written consent of the person(s), and
the Orleans Parish Criminal District Court.

For questions, comments, and other information you may contact the Orleans Parish Clerk of Criminal District Court, Records Division at (504) 827-3520. This information is made available to the public and law enforcement in the interest of public safety. Any unauthorized use of this information is forbidden and subject to criminal prosecution.