UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 00CR172** |
| **KEITH KISACK** | **SECTION "N"** |

## ORDER AND REASONS

On November 1, 2000, Petitioner Keith Kisack pled guilty, pursuant to a written plea agreement, to one count of knowing possession of a firearm by a convicted felon, in violation of Title 18, United States Code, §922(g)(1), §924(a)(2), and §2. In October 2000, following a direct appeal, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255, in this Court. Petitioner filed a second motion to vacate, set aside, or correct his sentence, which was construed by the Court as one seeking to supplement or amend his first §2255 motion to vacate, on March 19, 2004. On June 28, 2005, this Court issued an Order and Reasons denying both motions. *See* Rec. Doc. No. 149.

As noted in the Court's June 16, 2005 Order (Rec. Doc. No. 146), two related letters from Petitioner to the undersigned, dated November 5, 2004, and February 23, 2005 (Rec. Doc. Nos. 144-145), appear to assert additional claims for §2255 relief in connection with the Petitioner's 1999 state court conviction. Specifically, Petitioner apparently seeks to attack the credibility of a complaining witness, Eugene (a.k.a. Troy) Ellis, by informing the Court that Mr. Ellis: (1)

previously claimed to be related to the presiding state court judge, Judge Sharon K. Hunter; (2) had told police officers that he would again pay Judge Hunter to have his charges dismissed; and (3) had threatened to use his alleged relationship with Judge Hunter to deprive certain police officers of their jobs. Petitioner has provided the Court with a transcript from his October 4, 1999 state court sentencing, which reflects Judge Hunter's statement that she is not related to, and previously did not know, Mr. Ellis.[1] Petitioner also has provided the Court with an affidavit from Mr. Ellis, dated March 27, 2002, that purports to recant accusations against Petitioner that led to Petitioner's 1999 state court conviction.[2]

Because his November 5, 2004, and February 23, 2005 letters were sent to the Court while his original §2255 motion to vacate was pending, the Court treats the letters as a request to supplement or amend his first §2255 motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to assert an additional ground for relief. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (district court should have evaluated timeliness of supplemental motion under Rule 15).

Regarding the timeliness of Petitioner's latest request for relief, §2255 contains a one-year statute of limitations. *See* 28 U.S.C. §2255. Petitioner's November 5, 2004, and February 23, 2005 letters were submitted well after the one year anniversary of the date that his judgment of conviction became final in 2001. Similarly, it is evident that Petitioner discovered the factual basis of the assertions reflected in his November 5, 2004, and February 23, 2005 letters far earlier than a year before they were filed. Nor is there any indication that governmental action prevented

---

[1] *See* Attachment to November 5, 2004 Letter.

[2] *Id.*

Petitioner from asserting his latest claim in a timely fashion.  Accordingly, Petitioner's present request for relief is not timely unless it "relates back," under Rule 15(c)(2), to the October 2002 date that his original motion was filed.

A claim "relates back" under Rule 15(c)(2) if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed. R. Civ. P. 15(c).[3]  As recently stated by the Supreme Court, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those that the original pleading set forth." *Mayle v. Felix*, ____ U.S. ____, 125 S. Ct. 2562, 2566 (2005).  *See also, e.g., United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (original petition did not provide notice of a different sort of theory; therefore, amendment did not relate back); *McGregor v. Louisiana State University Board of Supervisors*, 3 F.3d 850, 864 (5th Cir. 1993) (amendment attempting to add new legal theory unsupported by factual claims raised in original complaint did not relate back for purposes of Rule 15(c)(2); *Islas-Alvarez v. United States of America*, 2003 WL 1566551, *5 (W.D. Tex. 3/20/03) ("while amendments that expand upon or clarify facts previously alleged will typically relate back, those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated more cautiously").

Petitioner's first §2255 motion alleged that his guilty plea was not knowingly, intelligently, and voluntarily entered because he was denied effective assistance of counsel by his trial attorney in connection with entry of his guilty plea.  He also alleged that he was denied

---

[3] Neither of the other bases for a claim to "relate back" under Rule 15(c) is applicable. *See* Fed. R. Civ. P. 15(c)(1) and (3).

effective assistance of counsel on direct appeal on related and other grounds.  The facts set forth in Petitioner's first §2255 motion differ in both time and type from the events set forth in his November 5, 2004, and February 23, 2005 letters.  *See* June 28, 2005 Order and Reasons (Rec. Doc. No. 149) (setting forth original claims for relief, and supporting facts, in detail).  Nor do the legal theories set forth in Petitioner's original motion provide any notice of his latest claim.  Thus, Petitioner's latest request for §2255 relief does not "relate back" to the October 2002 date and, therefore, is untimely.

Because the Court finds that Petitioner's instant request for relief under 28 U.S.C. §2255 (Rec. Doc. Nos. 144-145) is time-barred, **IT IS ORDERED** that Petitioner's motion is **DENIED**.

New Orleans, Louisiana, this 26th day of July 2005.

_____
UNITED STATES DISTRICT JUDGE